UNITED STATES BANKRUPTCY COURT                    **NOT FOR PUBLICATION**
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
In re

PERFORMANCE TRANSPORTATION SERVICES, INC.     Case No. 07-4746 K
AUTOMOTIVE LOGISTICS CORP.
E. & L. TRANSPORT COMPANY, L.L.C.
FLORIDA LEASCO COMPANY, L.L.C.
HADLEY AUTO TRANSPORT, LLC
HADLEY COMPUTER SERVICES
HFS INVESTMENTS, INC.
LAC HOLDING, LLC
LEASEWAY MOTORCAR TRANSPORT COMPANY, LLC

                                            Debtors
-----------------------------------------------------------------


OPINION AND ORDER REGARDING CERTAIN EMPLOYEE CLAIMS

        Over the course of six days the Court heard the Trustee's "Objections"[1] to

hundreds of claims filed in these affiliated cases.  Approximately thirty-five of the claims

to which objections were filed were claims by employees of the affiliated Debtors.  All of

the objections to employee claims were taken under advisement by the Court, so that

the Court could examine <u>each</u> such claim in the context of <u>all</u> such claims.

        Before rendering its judgment upon the objections to employee claims, the

Court makes several important observations.

        1.  Most of the initial employee claims asserted a 11 U.S.C. § 507(a)(4)

"wage priority."  That priority applies only to <u>pre-petition</u> wage claims.  The petition date

---

[1] "Objections" is the legal term by which a trustee asks the Court to decide whether to honor a Proof of Claim filed by a creditor, and maybe even to give it a <u>higher</u> "priority" than what was "claimed,."  When he or she or it "objects" because the priority might be "higher" than the one that was claimed, it is because a higher priority is somehow indicated in the Proof of Claim, and so a trustee does not want to be exposed to suit for misinterpreting a claim.  "Objection" is the only recognized way in the law to lay such concerns to rest.  That is discussed more fully in this Decision.

in these cases was November 19, 2007, not the date in June of 2008 when a

nationwide strike by the Teamsters Union against these Debtors put the Debtors out of

business (resulting, ultimately, in the conversion of the Chapter 11 cases to Chapter 7

on July 14, 2008).  The assets in these cases will not reach any unsecured claims that

arose before the petition date, November 19, 2007.  Consequently, the Trustee could

have simply ignored almost all of the employee wage claims because they asserted a

"pre-petition" priority.  There will be no money for any <u>pre-petition</u> claims.  However, the

Trustee did not choose to do that.  If there was any indication within the Proof of Claim

form or attachments to the form that suggested that, in fact, the claim arose <u>after </u>the

November, 2007 filing of the Chapter 11 Petitions and <u>before</u> the June, 2008 cessation

of business, he "objected" to it in order to give those employees an opportunity to

establish that those employees were entitled to an even <u>higher</u> "priority" - - a Chapter

11 "administrative expense" priority.  (Administrative priority claims will receive some

distribution in these cases, but will not be paid in full.  (If it is any consolation to those

people whose claims are rejected below please hear this.  Even administrative claims

are likely to receive less than 40 cents on the dollar.  Perhaps far less than that.))

          In other words, the Trustee was very careful to make sure that any

employee who might be entitled to some distribution on his or her claim, but did not

claim "administrative" priority, received a "second bite of the apple" to establish that his

or her claim was not a "pre-petition claim" that would receive nothing.  (<u>The hostility</u>

<u>and anger directed toward the Trustee by some employees in response to the Trustee's</u>

"objections" was, therefore, terribly mistaken.)

2.   Because there is not enough money to pay all administrative claims in full, the Court must not permit improperly-documented claims to share in a distribution. That  would reduce the distribution to properly-documented claims.[2]  Employees who took the time to provide all the necessary information at the outset, or to respond to the Trustee's objections, would get less than they should if the Court were to permit the claims filed by employees who did not take the time to properly set forth and (if necessary) document their claims.

3.   The Trustee cannot lawfully make payment on wage-related claims without knowing the employee's social security number so that he can make the necessary payroll deductions and remit the proper amounts to the taxing authorities. As to each objection to an employee claim if the initial claim did not provide the social security number, the Trustee's objection asked for it.  Many employees properly responded by sending their social security numbers to him.  Many did not.  Those who did not provide it have had their claims rejected in the Judgment set forth below.

4.   A great many of the employee claims assert earned but unpaid vacation time, sick time, and personal time.  The differences in the ways that employees supported these claims is vast.  Some former employees did nothing more than put a dollar amount on the claim form and say "vacation pay."  At the other

---

[2]Besides employee claims, administrative claims include very large claims by union pension funds, and other claims by taxing agencies, vendors, utilities, independent contractors, and on and on.

extreme, some former employees attached a copy of the pertinent provisions of the Collective Bargaining Agreement (or a benefits letter), together with copies of pay statements demonstrating their applicable base rates of pay; proof of years of employment; and clear explanations of how much unused leave was accrued, exactly when it accrued, how much was not paid; and how they prorated what they were seeking (if required).  In the rulings set forth below, the Court (keeping in mind the "second" observation above - - the fact that well-supported claims would receive less money if unsupported (or poorly-supported) claims were simply to be allowed as administrative claims at "face value" - - has rejected many employee claims that were not as thoroughly supported as other employee claims were.

       5.  The Trustee did not have reason to object to all of the employee claims.  If you did file a claim but do not find your name below, it means that your claim has been "allowed."  Finally, payment on allowed claims will not occur until some time next year because not all assets have been liquidated and not all claims objections have been resolved.

       These observations having been made, the following constitutes the Court's ruling upon the Trustee's objections to the employee claims addressed below.

THE FOLLOWING CLAIM IS IN IMPROPER FORM AND IS DISALLOWED:

Luther Tower, Jr.     Claim 784 (no proof of claim form, no oath or affirmation as required by law and the official proof of claim form.)

THE FOLLOWING CLAIMS LACKED ANY DOCUMENTATION AND ALSO LACKED A SOCIAL SECURITY NUMBER.  THEY ARE DISALLOWED:

| | |
|---|---|
| Dennis R. Bishop | Claim 904 |
| Louis Manke | Claim 892 |
| Tom Mix | Claim 878 |
| William Werksman | Claim 875 |

THE FOLLOWING CLAIMS LACKED ANY DOCUMENTATION AND DID NOT RESPOND EVEN TO THE REQUEST FOR THE EMPLOYEE'S SOCIAL SECURITY NUMBER.  THEY ARE DISALLOWED:

| | |
|---|---|
| John Quimby | Claim 882 |
| Danny Brothers | Claim 890 |
| Dan Faron | Claim 908 |
| Ivey Williams | Claim 900 |
| John Stout, Sr. | Claim 857 |
| William Barrett | Claim 780 |
| Joseph Whitacre | Claim 895 |
| Michael Devereaux | Claim 773 |

THE FOLLOWING EMPLOYEES PROVIDED NO DOCUMENTATION FOR THEIR INITIAL CLAIMS AND ALSO DID NOT RESPOND TO THE TRUSTEE'S OBJECTION. THESE ARE DISALLOWED:

| | |
|---|---|
| William Fritzsching | Claim 786 (The claim did provide a Social Security Number, but no documentation of the calculations.) |
| Melvin Perry | Claim Nos. 16, 738, and 755 (The claim did provide Social Security Number, but no necessary documentation.) |

THE TRUSTEE'S OBJECTIONS TO THE FOLLOWING CLAIMS ARE SUSTAINED DESPITE THE FACT THAT RESPONSES WERE RECEIVED.  (THE RESPONSES WERE INADEQUATE.)

| | |
|---|---|
| Robert Molody | Claim 897 (The response provided the Social Security Number and some other information, but no explanation of how $6,226.57 was computed.  The claim will be allowed only as a pre-petition general unsecured claim.) |
| Michael Barton | Claim 883 (The response is not comprehensible.  The |

Claimant seeks $67,282.50 in vacation pay and seems to compute that for the years 1978 to 2005. Possibly only 10% of that amount is sought. However, the claimant makes computations up to the date "when PTS went out of business in June <u>2005</u>," and thus may relate to the first time that PTS filed Chapter 11, not to the present case. The claim will be allowed only as a pre-petition general unsecured claim.

THE FOLLOWING CLAIMANTS PROVIDED SOME USEFUL DOCUMENTATION AND INFORMATION IN THEIR INITIAL PROOF OF CLAIM, BUT DID NOT RESPOND TO THE OBJECTION BY PROVIDING THE NECESSARY CLARIFICATIONS, ETC., (WHILE MANY OTHERS DID PROPERLY RESPOND WITH THE NECESSARY INFORMATION). THE CLAIMS ARE DISALLOWED:

| | |
|---|---|
| Terry Bowlin | Claim 902 (No Social Security Number and no useful explanation of the amount claimed.) |
| Rafael Scott | Claim 879 (No Social Security Number, no useful information or documentation.) |
| Philip Stackhouse | Claim 906 (No useful explanation or clarification of the amount claimed.) |
| Lawrence Chester | Claim 888 (No Social Security Number.) |
| Larry Lukasik | Claim 885 (No Social Security Number.) |
| James Ohlin | Claim 880 (No Social Security Number.)[3] |
| James Nicholl | Claim 787 (No Social Security Number.) |

THE FOLLOWING CLAIMANTS RELIED ENTIRELY UPON FORMS PROVIDED BY THE INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS. THE TRUSTEE'S OBJECTIONS WERE BASED UPON , AMONG OTHER THINGS, THE FAILURE OF THOSE FORMS TO DISTINGUISH BETWEEN "PRE-PETITION PRIORITY" AND "POST-PETITION PRIORITY." NONE OF THESE CLAIMANTS RESPONDED TO THE TRUSTEE'S OBJECTION. THESE CLAIMS WILL BE ALLOWED AS "PRE-PETITION" CLAIMS, NOT ENTITLED TO DISTRIBUTION AS

---

[3]Mr. Ohlin's claim seems to presume that his Social Security Number could be obtained from the fact that he gave the Court his <u>employee I.D.</u> number. The Trustee has thoroughly explored whether that can be accomplished and has determined that it cannot. The reason is because the affiliated debtors used many different regional and local payroll services, each of which had its own system of assigning employee I.D. numbers. The Trustee is not aware of any "master list" by which any particular employees's Social Security Number could be ascertained by use of the employee's identification number.

"ADMINISTRATIVE" CLAIMS (THE ASSETS WILL NOT REACH THESE CLAIMS):

| | |
|---|---|
| Steven Moody | Claim 750 |
| Randy Cobb | Claim 781 |
| Warren Copple, Jr. | Claim 759 |
| Ronald Riffee, Jr. | Claim 741 |
| Charles Jones | Claim 772 |
| John Kilgore | Claim 774 |
| Joseph Williams | Claim 742 |
| Richard Reifsnider | Claim 758 |
| Kirt Reifsnider | Claim 756 |

THE FOLLOWING CLAIMANTS WILL BE PERMITTED TO PARTICIPATE IN THE DISTRIBUTION TO ADMINISTRATIVE CLAIMS, IN LIGHT OF THE RESPONSES THEY PROVIDED TO THE TRUSTEE'S OBJECTIONS.  (THE TRUSTEE'S OBJECTIONS ARE OVERRULED ACCORDINGLY.)

| | |
|---|---|
| Deanna Taggert | Claim 783 (Allow the claim as an administrative claim.) |
| Wesley Scalia | Claim 777 (Allow $4,376.96 as administrative claim, the balance will be a general unsecured claim.) |
| Richard Nelges | Claim 874 (Allow the claim as an administrative claim.) |
| Robert McDonough | Claim 768 (Allow the claim as an administrative claim.) |
| Steve Whitacre | Claim 854 (Allow as an administrative claim in the amount of $5,412 only, any additional amount is disallowed.) |
| Scott Laubich | Claim 15 (Allow as an administrative claim.) |
| Rich Daubney | Claim 886 (Allow $3400 as an administrative claim.  The balance is disallowed as "vague.") |
| Kathy Majka | Claim 767 (Allow as an administrative claim.) |
| Kenneth Brant | Claim 801 (Allow as an administrative claim.) |
| Kenneth Szymaszek | Claim 802 (Allow $6,000 as an administrative claim .) |
| Joseph Bieganowski | Claim 896 (Allow as an administrative claim.) |
| Victor Eyde | Claim 775 (Allow as an administrative claim.) |
| William Cummins | Claim 779 (Allow as an administrative claim.) |
| Gary Alexis | Claim 884 (Allow as an administrative claim.) |
| Thomas Conry | Claim 748 (Allow as an administrative claim, but disallow claim 803 as a duplicate.) |
| Ronald Bogden, Sr. | Claim 824 (Allow as an administrative claim.) |
| Robert Lukasik, Jr. | Claim 782 (Allow as an administrative claim.) |
| Michael Persin | Claim 855 (Allow as an administrative claim.) |

     THE FOLLOWING CLAIMANTS DID NOT RESPOND TO THE TRUSTEE'S
OBJECTION (OR RESPONDED, BUT WITH NO NEW INFORMATION), BUT THE
COURT FINDS THEIR INITIAL PROOFS OF CLAIM TO BE SUFFICIENT ON THEIR
FACE, AND WILL BE ALLOWED.

          Gene Lauricella      Claim 916 (Allow as an administrative claim.)
          John Mayer           Claim 887 (Allow as an administrative claim.)
          John Foster          Claim 771 (Allow as an administrative claim.)
          Greg Hall            Claim 889 (Allow as an administrative claim.)


          SO ORDERED.

Dated:       Buffalo, New York
             September 27, 2013


                                        s/Michael J. Kaplan
                              _____
                                        U.S.B.J.